# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERTSHAW CONTROLS COMPANY d/b/a INVENSYS CONTROLS, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 09 C 1816 ) |
| THERM-O-DISC, INCORPORATED, | ) Judge Rebecca R. Pallmeyer ) |
| Defendant. | ) |

## AMENDED MEMORANDUM OPINION AND ORDER

Plaintiff Robertshaw Controls Company purchased thermal cut-off devices from Defendant Therm-O-Disc, Inc. ("T-O-D"). Robertshaw used the thermal cut-off devices in gas valves, which it sold to nonparties A.O. Smith Corporation and American Water Heater Company, who incorporated the valves into their water heaters. The valves failed, and A.O. Smith and American Water Heater sued Robertshaw in Tennessee state court. That case is still pending. In this lawsuit, Robertshaw alleges that faults in the thermal cut-off devices manufactured by T-O-D were the cause for the valve failures. Robertshaw wants to resolve its dispute with A.O. Smith and American Water Heater in this forum as well, and to that end has filed a motion for joinder of those parties under Federal Rule of Civil Procedure 19. T-O-D opposes Robertshaw's motion, as do A.O Smith and American Water Heater, who contend that they do not claim an interest in this case. As explained here, the court concludes that Rule 19 does not require joinder of any missing parties and therefore denies the motion.

Rule 19 requires joinder of a nonparty if, without joinder, "the court cannot accord complete relief among existing parties." FED. R. CIV. P. 19(a)(1)(A). The court must also join as a party any person who claims an interest in the litigation and whose absence will jeopardize the person's ability to protect that interest or will leave the existing parties at risk of inconsistent obligations. FED. R. CIV. P. 19(a)(1)(B). A Rule 19 motion for joinder is ordinarily brought by a defendant who

believes that the case cannot be tried in the absence of some party that the plaintiff chose not to name. *See, e.g., Askew v. Sheriff of Cook County*, 568 F.3d 632 (7th Cir. 2009). A plaintiff who believes a party is missing can, after all, simply name the missing party as an additional defendant. *Cf.* 7 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1602 ("Compulsory joinder is an exception to the general practice of giving plaintiff the right to decide who shall be parties to a lawsuit.") Moreover, where an interested party cannot be joined, dismissal may be required–ordinarily not a result sought by the plaintiff. FED. R. CIV. P. 19(b). Robertshaw, the Plaintiff in this action, nevertheless invokes Rule 19 here, arguing that the requirements of that Rule are satisfied because the damages that T-O-D allegedly owes Robertshaw cannot be determined separately from the damages that Robertshaw owes to nonparties A.O. Smith and American and because defenses raised by T-O-D implicate conduct by the nonparties.

The court does not believe Rule 19 considerations are operative here. The relief Robertshaw seeks from T-O-D can be granted whether or not other entities are parties in this case. True, any damages awarded to Robertshaw may be related to the outcome of Robertshaw's separate lawsuit with the nonparties, but that does not mean that the court cannot calculate those damages and order them paid without the presence of the nonparties. *Hammond v. Clayton*, 83 F.3d 191, 195 (7th Cir. 1996). Robertshaw also seeks a declaratory judgment requiring T-O-D to indemnify it for claims regarding the allegedly defective devices. Such a judgment, too, can be rendered without any involvement on the part of A.O. Smith or American Water Heater. *Id.*

The court acknowledges the possibility that a judgment against Robertshaw in this case will be inconsistent with a judgment against it in the separate case against the nonparties, but joinder based on the threat of inconsistent obligations is only required when the nonparty claims an interest, FED. R. CIV. P. 19(a)(1)(B)(ii), which the nonparties here do not. *Assoc. to Protect Hammersley, Eld, and Totten Inlets v. Taylor Resources, Inc.*, 299 F.3d 1007, 1015 (9th Cir. 2002). Moreover, inconsistent judgments, where a party "successfully defends a claim in one forum, yet

loses on another claim arising from the same incident in another forum" are not the same as inconsistent obligations, where "a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir.1998). Thus, Robertshaw could make good on any judgment A.O. Smith or American Water Heater might win even if Robertshaw does not prevail in this case against T-O-D.

Finally, joinder is not required based on defenses that T-O-D has asserted implicating the nonparties' conduct because litigating those defenses does not require joining the nonparties. It only requires taking discovery from them, and Rule 19 does not mention the need to take discovery from a nonparty as requiring joinder. *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 188 (2d Cir. 1999).

Robertshaw may well be correct that the best result is for litigation of all claims relating to the valve failure to occur in a single forum. So far as the court is aware, however, Robertshaw has made no effort to name T-O-D in the Tennessee litigation, nor has Robertshaw sued A.O. Smith and American Water Heater directly in this case. This court expresses no opinion on whether any such effort would be defeated by a forum selection clause in Robertshaw's agreement with the nonparties, by personal jurisdiction issues, or by the parties' citizenship status.

Robertshaw's Motion to Join A.O. Smith Corporation and American Water Heater Company as Necessary Parties Pursuant to Federal Rule of Civil Procedure 19 [31] is denied.

ENTER:

Dated: Nov. 20, 2009

_____
REBECCA R. PALLMEYER
United States District Judge

3